```
___ FILED        ___ ENTERED
___ LODGED       ___ RECEIVED

        NOV 0 1 2006    DB

          AT SEATTLE
    CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
                     DEPUTY
```

IN THE UNITED STATES DISTRICT COURT FOR WESTERN DISTRICT OF WASHINGTON AT SEATTLE

LILIAN ILETO, on behalf of the Estate of JOSEPH ILETO,

Plaintiffs,

Vs.

LOANER TOO, a/k/a., LOANER II, LOANER, INC., LOANER TWO PAWNSHOP, LOANER PAWN SHOP

Defendant.

No. CV06-1583 JCC

**COMPLAINT FOR DAMAGES**

(Clerk's Action Required)

**JURY TRIAL DEMANDED**

## I.   INTRODUCTION

1.1   Plaintiff Lilian Ileto is the mother of deceased Joseph Ileto, and has petitioned the Superior Court for Los Angeles County, where she resides, to be appointed the Administrator for the Estate of Joseph Ileto.

1.2   This case arises under the wrongful death and survivorship statutes of the State of Washington. It is brought against Loaner Too a/k/a Loaner II, Loaner, Inc., Loaner Two, Loaner Two Pawnshop, Loaner Pawn shop and its agents, employees and owners, (hereinafter referred to as "Loaner") for its negligent failure to adequately

COMPLAINT FOR DAMAGES      1      Law Offices of Michael Withey, PLLC
                                    601 Union Street, Ste. 4200
                                    Seattle, WA 98101
                                    206-405-1800



ORIGINAL

06-CV-01583-CMP

investigate the criminal and mental health history of one Buford Furrow, Jr. to whom it supplied a firearm, the negligent failure to require him to complete and submit mandatory federal firearm reporting forms, the negligent failure to comply with state and federal firearms laws, the negligent failure to adequately train and supervise its employees in the proper manner of complying with state and federal firearms law, and other negligent acts alleged herein or as will be proven at trial. As a proximate result of such negligence Plaintiff's decedent Joseph Ileto was killed by Buford Furrow using the firearm supplied to him by Loaner.

## II.  PARTIES, JURISDICTION AND VENUE

2.1   Plaintiff Lilian Ileto has petitioned the Superior Court for Los Angeles County, California, where she resides, and where descendent Joseph Ileto resided prior to his death, to be appointed as the Administrator of the Estate of Joseph Ileto. At such time when the Los Angeles County Superior Court appoints Lilian Ileto as the Administrator of the Estate, Plaintiff will seek to amend this Complaint to so state.

2.2   Defendant Loaner Too, aka Loaner II, Loaner, Inc., Loaner Two, Loaner Two Pawnshop, Loaner Pawn Shop ("Loaner") is in the business of pawn shop operations, and the sale of firearms, in Everett, Snohomish County, Washington.

2.3   Diversity jurisdiction is vested in this court by virtue of the fact in that the Plaintiff and Defendant are residents of different states and the amount in controversy exceeds the sum of $75,000 (Seventy-five thousand Dollars).

COMPLAINT FOR DAMAGES                         2                      Law Offices of Michael Withey, PLLC
                                                                     601 Union Street, Ste, 4200
                                                                     Seattle, WA 98101
                                                                     206-405-1800

2.4     Venue exists in this district because the negligent acts committed by Loaner were principally committed within the Western District of Washington.

### III.     STATEMENT OF FACTS

3.1     Plaintiff's decedent and son Joseph Ileto, 39, was a mail carrier working for the United States Postal Service working in Chatsworth in Los Angeles County, California. He was of Filipino descent. Prior to his death, he lived with his mother, was an excellent postal letter carrier, and had an avid interest in chess. His mother, Lilian Ileto, was "financially dependant" upon Joseph Ileto as that term is defined under Washington statutes and law.

3.2     On August 10, 1999 Joseph Ileto was working his assigned route as a mail carrier in the Chatsworth area of the San Fernando Valley of California, when he was approached by Buford Furrow, Jr. Mr. Ileto got out of his postal vehicle. Furrow at the time was carrying a concealed weapon, a 9mm model Glock 26 firearm, Serial Number BSM901US, which he had acquired from Loaner.

3.3     Using the ability to conceal the Glock firearm from Mr. Ileto, Mr. Furrow asked Mr. Ileto if he would mail a letter for him in order to induce Mr. Ileto to approach him. When Mr. Ileto was within firing range (approximately 25 feet away) Mr. Furrow pulled the Glock firearm from its place of concealment and shot him twice in the front of his body. Mr. Ileto then turned to run away from Mr. Furrow and seek shelter when Mr. Furrow then shot him seven times in the back and head, which caused him fatal injuries.

## IV. CAUSE OF ACTION FOR NEGLIGENCE

4.1 Plaintiff sues under the laws of the State of Washington including for wrongful death and survivorship under RCW 4.20.010 *et. seq.* and RCW 4.20.046.

4.2 On or about May 21, 1999, Buford Furrow was convicted of second degree assault, a felony, in the State of Washington. While he was in custody awaiting trial for this offense, he was involuntarily committed to a mental hospital. He was sentenced to jail. After serving his in jail time he was released on parole. On information and belief Furrow had previously pawned a Glock Model 26 pistol, serial number BSM901US, to Loaner in Everett, Washington. Under Washington state law, WA REV CODE Section 9.41.120, no person other than a duly licensed firearms dealer shall make any loan secured by a mortgage, deposit or pledge of a pistol. On information and belief, at the time Furrow pawned the Glock 26, and at all times relevant to this complaint, Loaner was a federally licensed and state licensed firearms dealer and subject to all the federal and state statutes regulating firearms dealers.

4.3 Some time subsequent to pawning the Glock 26, Furrow returned to Loaner and received back the Glock 26. At the time of delivering the Glock 26 back to Furrow, Loaner was required by federal and state law to fill out those portions of the Federal Firearms Transaction Records, Form 4473. This form was required to be filled out by the licensed dealer transferring or delivering the pistol. Loaner was required by federal and state law to have the person receiving the pistol in this case, Mr. Furrow, fill out other portions of the 4473 in the dealer's presence. The relevant state and federal

statutes related to the 4473 form are: 18 U.S.C. § 923(g)(1)(A) and WA REV CODE 9.41.090(5) and 9.41.110(9)(a). All the foregoing statutes are state and federal statutes applicable to the sale or marketing of firearms within the meaning of 15 USC Section 7903(5)(A)(iii).

4.4   At the time of delivering the pistol back to Furrow, Loaner was not allowed under federal law to fill in any portion of the 4473. Rather it was required to be filled out by the person receiving the pistol. Loaner was not allowed by state and federal law to transfer a pistol to a person whom Loaner had reasonable cause to believe was convicted of a felony; and was not allowed under federal and state law to transfer a pistol to a person whom the dealer knows or has reasonable cause to believe has been involuntarily committed for mental health treatment. The relevant state and federal statutes are found at 18 U.S.C. § 923(g)(1)(A), 18 U.S.C. § 922(d)(1) and (4), WA REV CODE 9.41.080 and each of the foregoing statutes is a statute applicable to the sale or marketing of firearms within the meaning of 15 USC 7903(5)(A)(iii).

4.5   At the time Furrow came to retrieve the Glock 26 from Loaner, a manager of Loaner, David McGee or another employee of Loaner, acting on behalf of and within the scope of their employment for Loaner, knowing or having reasonable cause to believe Furrow was ineligible to receive the pistol because he was adjudicated mentally incompetent within the meaning of 18 U.S.C. § 922(d)(4) and Wash Rev. Code 9.41.040(2)(a)(ii) having been involuntarily committed to a mental hospital; and/or had been convicted of a felony making him ineligible to possess or purchase a firearm under

COMPLAINT FOR DAMAGES                5            Law Offices of Michael Withey, PLLC
                                                    601 Union Street, Ste. 4200
                                                    Seattle, WA 98101
                                                    206-405-1800

state and federal law, nevertheless negligently transferred and delivered the Glock 26 to Furrow in violation of 18 U.S.C. § 922(d) and Wash Rev. Code 9.41.080.

4.6   In addition, on information and belief, Plaintiff alleges that the Loaner employee who delivered the pistol to Furrow or some other Loaner employee aware of the delivery of the pistol to Furrow, knowing or having reasonable cause to believe that delivery of the Glock 26 to Furrow was not allowed by state and federal law, at some time forged that portion of the 4473 required by law to be prepared and signed by the person to whom the pistol is delivered.  Such person forged Furrow's signature, back dated the Form 4473, and misstated his place of birth  such person knew or should have known that Furrow was required to fill in that portion of the Form 4473 in the presence of the dealer as required by law.

4.7   Plaintiff alleges Loaner negligently failed to comply with legal requirements in delivering the pistol to Furrow as described in this complaint, in violation of the cited statutes, all of which are statutes applicable to the sale or marketing of firearms within the meaning of 15 USC Section 7903(5)(A)(iii); and therefore this lawsuit is outside the purview of 15 USC Sections 7901 - 7903, known as the Protection of Lawful Commerce in Arms Act.

4.8   Loaner also negligently failed to adequately train, monitor and supervise its employees in the proper performance of their legal duties in transferring firearms, and with respect to federal and state laws applicable to firearms dealers.

COMPLAINT FOR DAMAGES                        6

Law Offices of Michael Withey, PLLC
601 Union Street, Ste, 4200
Seattle, WA  98101
206-405-1800

4.9 As a proximate result of the negligence of defendant as alleged herein, Mr. Furrow was able to conceal the Glock firearm described above, in murdering plaintiff's decedent Joseph Ileto. As a proximate result of the defendant's negligence as alleged herein, Mr. Ileto was shot and killed by Furrow using the Glock firearm. Mr. Ileto and his Estate suffered pre-death pain and suffering (including in his vain attempt to flee Mr. Furrow), the loss of life expectancy, the loss of enjoyment of life, the loss of income, the loss of financial support to Lilian Ileto, and any and all other injuries and damages allowed by law.

## V. FRAUDULENT CONCEALMENT

5.1 Loaner fraudulently concealed from plaintiff the negligence/wrongful death and survivorship causes of action by falsely filling in and forging the signature of Buford Furrow on the Form 4473, which is attached as Exhibit 1 to this Declaration. On information and belief, Loaner forged the signature of Mr. Furrow and inappropriately filled in the other information contained on this form (some of which was inaccurate) after Mr. Furrow had committed the homicide of Joseph Ileto and Loaner became aware of Mr. Furrow's involvement in a crime spree in the Los Angeles area.

5.2 In addition, the defendant filed this forged Form 4473 as an exhibit to pleadings in state court in support of its legal position that the court had no jurisdiction over Lilian Ileto's lawsuit brought in the State of California. That lawsuit was dismissed without prejudice due to lack of personal or long-arm jurisdiction over Loaner at the urging of Loaner.

COMPLAINT FOR DAMAGES                     7                    Law Offices of Michael Withey, PLLC
                                                                      601 Union Street, Ste, 4200
                                                                         Seattle, WA 98101
                                                                            206-405-1800

5.3 By such fraudulent concealment the defendant sought to mislead the plaintiff, her family and the courts in California to believe that what is attached as Exhibit 1 to this Complaint was a true and accurate copy of a U.S. Treasury Department Form 4473 signed by Mr. Furrow. In fact, such document was not signed by Mr. Furrow or filled out by him, as Plaintiff only discovered in 2005. Mr. Furrow's signature is a forgery, the date of the transaction is misstated, and Mr. Furrow's birthplace is misstated. Each of these actions were fraudulent acts designed to mislead Plaintiff and the authorities. These are all fraudulent acts which Plaintiff did not discover or in the exercise of reasonable diligence would not have discovered within three years of the date of filing of this Complaint.

## VI. PRAYER FOR RELIEF

WHEREFORE, the plaintiff asks for relief as follows:

(1) all special damages including loss of income, loss of economic value of the estate, medical bills, funeral expenses, counseling costs, loss of the benefit of the financial and emotional support to all the applicable statutory beneficiaries to whom such support was provided, and any and all other special damages allowed by law;

(2) for all general damages allowed under the Washington State law allowing wrongful death and survivorship actions including but not limited to the pre-death pain and suffered by Joseph Ileto, loss of life expectancy, loss of the enjoyment of life, the loss of love, companionship and affection of his surviving family, and any and all such other general damages that are allowed by law;

COMPLAINT FOR DAMAGES 8

Law Offices of Michael Withey, PLLC
601 Union Street, Ste, 4200
Seattle, WA 98101
206-405-1800

1    (3) for costs of suit and attorneys fees that are allowed by law;

2    (4) for such other relief as the court deems just.

3

4

DATED this ___/___ day of November, 2006.

5

6

7 LAW OFFICES OF MICHAEL WITHEY, PLLC

8

9 */s/ Michael E. Withey*

 Michael E. Withey, WSBA # 4787
10 Attorney for Plaintiff

11

12

...

25 COMPLAINT FOR DAMAGES   9  Law Offices of Michael Withey, PLLC
                   601 Union Street, Ste. 4200
26                     Seattle, WA 98101
                     206-405-1800

**EXHIBIT 1**

OMB NO. 1512-0129

**DEPARTMENT OF THE TREASURY**
BUREAU OF ALCOHOL, TOBACCO AND FIREARMS
**FIREARMS TRANSACTION RECORD PART I - OVER-THE-COUNTER**

TRANSFEROR'S TRANSACTION SERIAL NUMBER: 62162

NOTE: Prepare in original only. All entries on this form must be in ink. See Important Notices, Definitions and Instructions

**SECTION A - MUST BE COMPLETED PERSONALLY BY TRANSFEREE (BUYER)**

1. TRANSFEREE'S (Buyer's) NAME (Last, First, Middle): FURROW BUFORD
   - Sex: ☒ MALE ☐ FEMALE
2. HEIGHT: 5'8
3. WEIGHT: 200
4. RACE: W
5. RESIDENCE ADDRESS: 638 OLD PACIFIC HWY, OLYMPIA, WA
6. DATE OF BIRTH: 11/25/61
7. PLACE OF BIRTH: OLYMPIA, WA

8. CERTIFICATION OF TRANSFEREE (Buyer) - Questions a. through l.

a. Are you the actual buyer of the firearm...: Y
b. Are you under indictment...: N
c. Have you been convicted in any court...: N
d. Are you a fugitive from justice?: N
e. Are you an unlawful user of, or addicted to, marijuana...: N
f. Have you ever been adjudicated mentally defective...: N
g. Have you been discharged from the Armed Forces under dishonorable conditions?: N
h. Are you an alien illegally in the United States?: N
i. Have you ever renounced your United States citizenship?: N
j. Are you subject to a court order...: N
k. Have you been convicted in any court of a misdemeanor crime of domestic violence?: N
l. Are you a citizen of the United States?: Y

m. What is your State of residence? WA

TRANSFEREE'S (Buyer's) SIGNATURE: [signature]
DATE: 10-12-98

**SECTION B - TO BE COMPLETED BY TRANSFEROR (SELLER)**

| 11. TYPE | 12. MODEL | 13. CALIBER OR GAUGE | 14. SERIAL NO. | 15. MANUFACTURER |
|---|---|---|---|---|
| 1. PISTOL | 26 | 9mm | BSM 9106 | GLOCK |
| 2. | | | | |
| 3. | | | | |
| 4. | | | | |

16. TRADE/CORPORATE NAME AND ADDRESS OF TRANSFEROR: LOANER INC., 1810 Hewitt Ave., Everett, WA 98201
17. FEDERAL FIREARMS LICENSE NO.: 9910310210S161

18. TRANSFEROR'S SIGNATURE: [signature]
19. TRANSFEROR'S TITLE: [illegible]
20. TRANSACTION DATE: 10/12/98

262256