Hon. John C. Coughenour

IN THE UNITED STATES DISTRICT COURT FOR WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LILIAN ILETO, on behalf of the Estate of JOSEPH ILETO,<br><br>Plaintiff,<br><br>Vs.<br><br>LOANER TOO, a/k/a , LOANER II, LOANER, INC . LOANER TWO PAWNSHOP, LOANER PAWN SHOP, THE ESTATE OF JOHN ST. JOHN, and DAVID MCGEE<br><br>Defendant. | Case No.: 2:06-cv-01583<br><br>FIRST AMENDED COMPLAINT |

## I.   INTRODUCTION

1.1   Plaintiff Lilian Ileto is the mother of deceased Joseph Ileto, and has petitioned the Superior Court for San Bernardino County, where Joseph Ileto resided prior to his death, to be appointed the Administrator for the Estate of Joseph Ileto.

1.2   This case arises under the wrongful death and survivorship statutes of the State of Washington.  It is brought against Loaner Too a/k/a Loaner II, Loaner, Inc., Loaner Two, Loaner Two Pawnshop, Loaner Pawn shop and its agents, employees and

FIRST AMENDED COMPLAINT - 1

Law Offices of Michael Withey, PLLC
601 Union Street, Ste, 4200
Seattle, WA  98101
206-405-1800

owners (hereinafter referred to as "Loaner"), the Estate of John St. John, as successor in interest to John St. John, former owner, supervisor and employee of Loaner, and David McGee for their negligent failure to adequately investigate the criminal and mental health history of one Buford Furrow, Jr. to whom they supplied a firearm, the negligent failure to require Furrow to complete and submit mandatory federal firearm reporting forms, the negligent failure to comply with state and federal firearms laws, the negligent failure to adequately train and supervise their employees in the proper manner of complying with state and federal firearms law, and other negligent acts alleged herein or as will be proven at trial. As a proximate result of such acts of negligence Plaintiff's decedent Joseph Ileto was killed by Buford Furrow using the firearm supplied to him by the defendants.

## II. PARTIES, JURISDICTION AND VENUE

2.1 Plaintiff Lilian Ileto has petitioned the Superior Court for San Bernardino County, California, where descendent Joseph Ileto resided prior to his death, to be appointed as the Administrator of the Estate of Joseph Ileto. At such time when the San Bernardino County Superior Court appoints Lilian Ileto as the Administrator of the Estate, Plaintiff will seek to amend this Complaint to so state.

2.2 Defendant Loaner Too, aka Loaner II, Loaner, Inc., Loaner Two, Loaner Two Pawnshop, Loaner Pawn Shop ("Loaner") is in the business of pawn shop operations, and the sale of firearms, in Everett, Snohomish County, Washington.

FIRST AMENDED COMPLAINT - 2

Law Offices of Michael Withey, PLLC
601 Union Street, Ste. 4200
Seattle, WA 98101
206-405-1800

Case 2:06-cv-01583-JCC  Document 13  Filed 04/13/07  Page 2 of 11

2.3     Defendant Estate of John St. John, is a legal entity filed in Snohomish County Washington, and administered by attorney Russ Juckett, and this Estate is the successor in interest and liable for the acts of John St. John, deceased, the former owner, supervisor and employee of defendant Loaner as alleged herein. A timely claim has been filed against the Estate of John St. John by plaintiff.

2.4     Defendant David McGee is believed by plaintiff to reside in Pacific County Washington, is an heir to the Estate of John St. John, is named in his will, and was at all relevant times and agent and employee of Defendant Loaner.

2.5     Diversity jurisdiction is vested in this court by virtue of the fact in that the Plaintiff and Defendanst are residents of different states and the amount in controversy exceeds the sum of $75,000 (Seventy-five thousand Dollars).

2.6     Venue exists in this district because the negligent acts committed by the defendants were principally committed within the Western District of Washington.

### III.     STATEMENT OF FACTS

3.1     Plaintiff's decedent and son Joseph Ileto, 39, was a mail carrier working for the United States Postal Service working in Chatsworth in Los Angeles County, California. He was of Filipino descent. Prior to his death, he lived with his mother, was an excellent postal letter carrier, and had an avid interest in chess. His mother, Lilian Ileto, was "financially dependant" upon Joseph Ileto as that term is defined under Washington statutes and law.

FIRST AMENDED COMPLAINT - 3

3.2 On August 10, 1999 Joseph Ileto was working his assigned route as a mail carrier in the Chatsworth area of the San Fernando Valley of California, when he was approached by Buford Furrow, Jr. Mr. Ileto got out of his postal vehicle. Furrow at the time was carrying a concealed weapon, a 9mm model Glock 26 firearm, Serial Number BSM901US, which he had acquired from the defendants.

3.3 Using the ability to conceal the Glock firearm from Mr. Ileto, Mr. Furrow asked Mr. Ileto if he would mail a letter for him in order to induce Mr. Ileto to approach him. When Mr. Ileto was within firing range (approximately 25 feet away) Mr. Furrow pulled the Glock firearm from its place of concealment and shot him twice in the front of his body. Mr. Ileto then turned to run away from Mr. Furrow and seek shelter when Mr. Furrow then shot him seven times in the back and head, which caused him fatal injuries.

## IV.   CAUSE OF ACTION FOR NEGLIGENCE

4.1 Plaintiff sues under the laws of the State of Washington including for wrongful death and survivorship under RCW 4.20.010 *et. seq.* and RCW 4.20.046.

4.2 On or about May 21, 1999, Buford Furrow was convicted of second degree assault, a felony, in the State of Washington. While he was in custody awaiting trial for this offense, he was involuntarily committed to a mental hospital. He was sentenced to jail. After serving his in jail time he was released on parole. On information and belief Furrow had previously pawned a Glock Model 26 pistol, serial number BSM901US, to Loaner in Everett, Washington. Under Washington state law, WA REV CODE Section 9.41.120, no person other than a duly licensed firearms dealer shall make

any loan secured by a mortgage, deposit or pledge of a pistol. On information and belief, at the time Furrow pawned the Glock 26, and at all times relevant to this complaint, Loaner was a federally licensed and state licensed firearms dealer and subject to all the federal and state statutes regulating firearms dealers.

4.3 Some time subsequent to pawning the Glock 26, Furrow returned to Loaner and received back the Glock 26. At the time of delivering the Glock 26 back to Furrow defendants were required by federal and state law to fill out those portions of the Federal Firearms Transaction Records, Form 4473. This form was required to be filled out by the licensed dealer transferring or delivering the pistol. Defendants were required by federal and state law to have the person receiving the pistol in this case, Mr. Furrow, fill out other portions of the 4473 in the dealer's presence. The relevant state and federal statutes related to the 4473 form are: 18 U.S.C. § 923(g)(1)(A) and WA REV CODE 9.41.090(5) and 9.41.110(9)(a). All the foregoing statutes are state and federal statutes applicable to the sale or marketing of firearms within the meaning of 15 USC Section 7903(5)(A)(iii).

4.4 At the time of delivering the pistol back to Furrow, defendants were not allowed under federal law to fill in any portion of the 4473. Rather it was required to be filled out by the person receiving the pistol. Defendants were not allowed by state and federal law to transfer a pistol to a person whom they had reasonable cause to believe was convicted of a felony; and were not allowed under federal and state law to transfer a pistol to a person whom the dealer knows or has reasonable cause to believe has been

Law Offices of Michael Withey, PLLC
601 Union Street, Ste, 4200
Seattle, WA 98101
206-405-1800

involuntarily committed for mental health treatment. The relevant state and federal statutes are found at 18 U.S.C. § 923(g)(1)(A), 18 U.S.C. § 922(d)(1) and (4), WA REV CODE 9.41.080 and each of the foregoing statutes is a statute applicable to the sale or marketing of firearms within the meaning of 15 USC 7903(5)(A)(iii).

4.5    At the time Furrow came to retrieve the Glock 26 from Loaner. An agent, employee and manager of Loaner, Defendant David McGee and/or another employees of Loaner, acting on behalf of and within the scope of their employment for Loaner, and John St. John, knowing or having reasonable cause to believe Furrow was ineligible to receive the pistol because he was adjudicated mentally incompetent within the meaning of 18 U.S.C. § 922(d)(4) and Wash Rev. Code 9.41.040(2)(a)(ii) having been involuntarily committed to a mental hospital; and/or had been convicted of a felony making him ineligible to possess or purchase a firearm under state and federal law, nevertheless negligently transferred and delivered the Glock 26 to Furrow in violation of 18 U.S.C. § 922(d) and Wash Rev. Code 9.41.080.

4.6    In addition, on information and belief, Plaintiff alleges that the Loaner employee who delivered the pistol to Furrow or some other Loaner employee aware of the delivery of the pistol to Furrow, knowing or having reasonable cause to believe that delivery of the Glock 26 to Furrow was not allowed by state and federal law, at some time filled in and forged that portion of the 4473 required by law to be prepared and signed by the person to whom the pistol is delivered.  Mr. McGee and such person employed by Loaner and John St. John forged Furrow's signature, back dated the Form

FIRST AMENDED COMPLAINT - 6

4473, and misstated his place of birth such person knew or should have known that Furrow was required to fill in that portion of the Form 4473 in the presence of the dealer as required by law.

    4.7    Plaintiff alleges Defendants negligently trained, monitored and supervised their employees in the proper performance of their legal duties in transferring firearms and obtaining identification and other information from a person to whom they were transferring firearms, negligently failed to train its employees in the legal requirements, including those cited in this Amended Complaint, for the transfer of firearms under state and federal law, and failed to comply with legal requirements in delivering the pistol to Furrow as described in this Amended Complaint, in violation of the cited statutes, all of which are statutes applicable to the sale or marketing of firearms within the meaning of 15 USC Section 7903(5)(A)(iii).  Therefore this lawsuit is outside the purview of 15 USC Sections 7901 - 7903, known as the Protection of Lawful Commerce in Arms Act.

    4.8    As a proximate result of the negligence of defendant as alleged herein, Mr. Furrow was able to obtain, use and conceal the Glock firearm described above, in murdering plaintiff's, decedent Joseph Ileto.  As a proximate result of the defendant's negligence as alleged herein, Mr. Ileto was shot and killed by Furrow using the Glock firearm.  Mr. Ileto and his Estate suffered pre-death pain and suffering (including in his vain attempt to flee Mr. Furrow), the loss of life expectancy, the loss of enjoyment of life, the loss of income, the loss of financial support to Lilian Ileto, and any and all other

injuries and damages allowed by law. Plaintiff makes no claim of any defect or malfunction of the Glock 26 firearm identified herein, nor any claim of product liability.

## V.  FRAUDULENT CONCEALMENT OF CAUSE OF ACTION (TOLLING THE STATUTE OF LIMITATIONS)

5.1 The defendants fraudulently concealed from plaintiff the negligence/wrongful death and survivorship causes of action by falsely filling in and forging the signature of Buford Furrow on the Form 4473, which was attached as Exhibit 1 to the Complaint on file. On information and belief, Loaner and David McGee forged the signature of Mr. Furrow and inappropriately filled in the other information contained on this form (some of which was inaccurate) after Mr. Furrow had committed the homicide of Joseph Ileto and Loaner became aware of Mr. Furrow's involvement in a crime spree in the Los Angeles area.

5.2 In addition, the defendant Loaner filed this forged Form 4473 as an exhibit to pleadings in California state court in support of its legal position that the court had no jurisdiction over Lilian Ileto's lawsuit brought in the State of California. That lawsuit was dismissed without prejudice due to lack of personal or long-arm jurisdiction over Loaner at the urging of Loaner.

5.3 By such fraudulent concealment the defendant sought to mislead the plaintiff, her family and the courts in California to believe that what is attached as Exhibit 1 to the Complaint on file was a true and accurate copy of a U.S. Treasury Department Form 4473 signed by Mr. Furrow. In fact, such document was not signed by Mr. Furrow

FIRST AMENDED COMPLAINT - 8

1  or filled out by him, as Plaintiff only discovered in 2005. Mr. Furrow's signature is a
2  forgery, the date of the transaction is misstated, and Mr. Furrow's birthplace is misstated.
3  Each of these actions were fraudulent acts designed to mislead Plaintiff as to her causes
4  of action herein.   These are all fraudulent acts which Plaintiff did not discover or in the
5  exercise of reasonable diligence would not have discovered within three years of the date
6  of filing of the original Complaint.

## VI.   PRAYER FOR RELIEF

WHEREFORE, the plaintiff asks for relief as follows:

(1)   all special damages including loss of income, loss of economic value of the estate, medical bills, funeral expenses, counseling costs, loss of the benefit of the financial and emotional support to all the applicable statutory beneficiaries to whom such support was provided, and any and all other special damages allowed by law;

(2)   for all general damages allowed under the Washington State law allowing wrongful death and survivorship actions including but not limited to the pre-death pain and suffered by Joseph Ileto, loss of life expectancy, loss of the enjoyment of life, the loss of love, companionship and affection of his surviving family,  and any and all such other general damages that are allowed by law;

(3)   for costs of suit and attorneys fees that are allowed by law;

//
//
//
//
//

FIRST AMENDED COMPLAINT - 9

Law Offices of Michael Withey, PLLC
601 Union Street, Ste, 4200
Seattle, WA  98101
206-405-1800

|   |   |
|---|---|
| 1 |  |
| 2 | (4)    for such other relief as the court deems just. |
| 3 |  |
| 4 | DATED this 13th day of April, 2007. |
| 5 | /s/ Michael E. Withey |
| 6 | MICHAEL E. WITHEY, WSBA #4787<br>Law Offices of Michael E. Withey |
| 7 | Two Union Square<br>601 Union Street, Suite 4200 |
| 8 | Seattle, Washington  98101<br>Phone:  206-405-1800 |
| 9 | Fax:  866-793-7216<br>Email:  mike@witheylaw.com |

FIRST AMENDED COMPLAINT - 10

Law Offices of Michael Withey, PLLC
601 Union Street, Ste, 4200
Seattle, WA  98101
206-405-1800

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

rdearie@omwlaw.com

I hereby certify that I have caused this document to be served via U.S. Postal Service, facsimile or messenger to the following:

None

DATED this 13th day of April, 2007.


/s/ Michael E. Withey
MICHAEL E. WITHEY, WSBA #4787
Law Offices of Michael E. Withey
Two Union Square
601 Union Street, Suite 4200
Seattle, Washington  98101
Phone:  206-405-1800
Fax:  866-793-7216
Email:  mike@witheylaw.com

FIRST AMENDED COMPLAINT - 11

Law Offices of Michael Withey, PLLC
601 Union Street, Ste, 4200
Seattle, WA  98101
206-405-1800